United States District Court
Southern District of Texas
**ENTERED**
August 25, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEONDRA JOYCE KHEIR, | § | |
| | § | |
| *Appellant*, | § | |
| | § | |
| vs. | § | Civil Action No. 4:26-cv-00199 |
| | § | |
| TITAN TEAM, LLC, *et al.*, | § | |
| | § | |
| *Appellees*. | § | |
| ______________________________ | § | |
| | § | |
| In re: | § | Bankruptcy Adversary Case No. 25-03033 |
| | § | |
| DEONDRA JOYCE KHEIR, | § | |
| | § | |
| *Debtor*. | § | |

**ORDER**

Plaintiff-Appellant Deondra Joyce Kheir's motion for reconsideration of the Court's order affirming the Bankruptcy Court's decision in this bankruptcy appeal is **DISMISSED** as untimely. (ECF No. 30.) *See* FED. R. BANKR. P. 8022. Kheir's motion asking that the Court extend the Bankruptcy Rule 8022 deadline based on excusable neglect under Bankruptcy Rule 9006(b)(1)(B) is **DENIED** for lack of merit. (ECF No. 36.) The United States Court of Appeals for the Fifth Circuit determined decades ago that motions for reconsideration filed in district court bankruptcy appeals are governed by Bankruptcy Rule 8022 and not Federal Rule of Civil Procedure ("FRCP") 59(e). *See In re Butler*, 2 F.3d 154, 157 (5th Cir. 1993). Even assuming timely filing, Kheir's motion for reconsideration advances no meritorious grounds for relief.

Kheir's motion to extend time for filing notice of appeal is **DENIED** for lack of merit. (ECF No. 40.) Kheir's notice of appeal was due July 6, 2026, and her notice of appeal filed on August 3, 2026, was untimely. Kheir argues that she shows excusable neglect because due to an "unusual interaction between the bankruptcy-appellate rules," she did not realize that her motion for reconsideration was controlled by the fourteen-day deadline of Bankruptcy Rule 8022 and not by the twenty-eight-day deadline of FRCP 59(e). However, appellee Titan Team, LLC, informed Kheir on July 1, 2026, that her motion for reconsideration was governed by the fourteen-day deadline of Bankruptcy Rule 8022 and was thus untimely. (ECF No. 31.) Had she heeded the warning, Kheir had five days to file a timely notice of appeal. But she instead filed a reply on July 6, 2026, arguing that her motion was timely filed "as a matter of law" under FRCP 59(e). (ECF No. 32.) As noted above, the Fifth Circuit Court of Appeals long ago rejected the argument reiterated here by Kheir as to FRCP 59(e). Kheir's motion shows neglect, but not *excusable* neglect, and equity weighs against her requested relief. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395–97 (1993); *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465 (5th Cir. 1998).

Signed at Houston, Texas, on this the 25th day of August, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE